IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| **KEITH A. WEST,** **B57079** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | 12-CV-179-JPG |
| E. HAGENE, COUNSELOR LUTZ, RANDY DAVIS, JOHN DOE, JANE DOE (1), C/O GOLDBERG, NURSE MELVIN, NURSE CASTLE, LIEUTENANT ROBINSON, SGT. McELYEA, LT. WILLIAMS, OFFICER HILL, OFFICER HUITE, OFFICER JOHNSON, OFFICER COLEMAN, OFFICER CRABTREE, OFFICER, RISLEY, OFFICER PHILLIPS, J. TRUE, NURSE HILL, BILLY PICKERING, JANE DOE (2), NURSE FLOWERS, DR. JILL WAHL, DENNIS LARSON, MICHAEL RANDLE, GLADYSE C. TAYLOR, LOUIS STRICKER, DONNA HEINEMANN, EARL WILSON, K. DEEN, SARAH JOHNSON, TERRY ANDERSON, DR. GARCIA, DOCTOR LEHMAN, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court for threshold review of the Plaintiff's civil rights complaint which seeks recovery pursuant to 42 U.S.C. § 1983. Plaintiff, who is incarcerated at Pinckneyville Correctional Center, Pinckneyville, Illinois, asserts that he has been subject to a pattern of practices by the Defendants depriving him of meaningful access to the courts by depriving him of needed access to legal documents and denial of access to needed medical

care.

For purposes of review, the Court has divided Plaintiff's claims into two separate counts. In Count 1, Plaintiff alleges that several of the defendants participated in the denial of his meaningful access to the courts by denying him access to his legal documents while in the segregation unit at Pinckneyville Correctional Center from the time of his arrival, March 3, 2010, through his return to general population on May 7, 2010. He asserts that as a result of the denial of access to his legal documents (which he claims were in a lock box stored in the law library at Pinckenyville Correctional Center during the time in question) he was unable to properly plead and prosecute a case he had filed in the Central District of Illinois, *West v. Ameji*, No. 10-2070, and that action was ultimately dismissed by Hon. Michael McCuskey.

In Count 2, Plaintiff asserts a wholly separate claim for denial of medical care related to pain in his back, leg and foot which he has due to a pinched nerve. Plaintiff assert that various defendants denied his request for specialized medical attention, specifically treatment of his pinched nerve and his request for a discectomy procedure. As a result, he alleges that he suffers constant back pain and has nerve damage such that he cannot control his left foot or leg.

## I.      THRESHOLD REVIEW

"A provision added to the Judicial Code by the Prison Litigation Reform Act of 1996 requires the district judge to screen prisoner complaints at the earliest opportunity and dismiss the complaint, in whole or part, if. . . it 'fails to state a claim upon which relief can be granted.'" *Sanders v. Sheahan*, 198 F.3d 626 (7th Cir.1999) (quoting 28 U.S.C. § 1915A(b)(1)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, there must be "enough facts to state a claim to relief that is plausible on its face." *Id*.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The Seventh Circuit has directed that courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. See *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir.2009).

"The screening process allows a judge to dismiss, before service on the defendants, a complaint that is frivolous, malicious, or fails to state a claim." *Gay v. Chandra*, 682 F.3d 590, 595 (7th Cir. 2012) citing, 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a), (b)(1); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir.2003); *Rowe v. Shake*, 196 F.3d 778, 781-83 (7th Cir.1999).

28 U.S.C. § 1915A, provides:

> (a) Screening.- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal.- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

3

**A.     Summary of Claims**

Plaintiff has named as defendants: E. Hagene, Counselor Lutz, Randy Davis, John Doe, Jane Doe (1), C/O Goldberg, Nurse Melvin, Nurse Castle, Lieutenant Robinson, Sgt. Mcelyea, Lt. Williams, Officer Hill, Officer Huite, Officer Johnson, Officer Coleman, Officer Crabtree, Officer, Risley, Officer Phillips, J. True, Nurse Hill, Billy Pickering, Jane Doe (2), Nurse Flowers, Dr. Jill Wahl, Dennis Larson, Michael Randle, Gladyse C. Taylor, Louis Stricker, Donna Heinemann, Earl Wilson, K. Deen, Sarah Johnson Administrative Review Board Hearing Officer, Terry Anderson, Dr. Garcia, Doctor Lehman, , Charles Dintleman, Assistant Warden in charge of Programs, K Deen, Grievance Officer, Sarah Johnson, , Gladyse Taylor, Acting Director of IDOC, S.A. Godinez, Director of IDOC.

A review of the record reveals that Plaintiff's complaint contains two *unrelated* federal claims against different defendants:   Count 1 raises a claim for denial of access to courts, seeks recovery against defendants E. Hagene, Counselor Lutz, Warden Randy Davis, Director Michael Randle, Director Gladyse C. Taylor, Donna Heinemann, K. Deen, Sarah Johnson and Terry Anderson.

Count 2 raises a separate claim for denial of medical care and seeks recovery against defendants Warden Davis, John Doe, Jane Doe (1), C/O Goldberg, Nurse Melvin, Nurse Castle, Lieutenant Robinson, Sgt. McElyea, Lt. Williams, Officer Hill, Officer Huite, Officer Johnson, Officer Coleman, Officer Crabtree, Officer Risley, Officer Phillips, J. True, Nurse Hill, Billy Pickering, Jane Doe (2), Nurse Flowers, Dr. Jill Wahl, Dennis Larson, Michael Randle, Gladyse C. Taylor, Louis Stricker, Donna Heinemann, Earl Wilson, K. Deen, Sarah

4

Johnson, Terry Anderson, Dr. Garcia, and Doctor Lehman.

### B. Analysis

"It is a principle of first importance that the federal courts are tribunals of limited subject matter jurisdiction." 13 Charles Alan Wright, *et al.*, Federal Practice and Procedure § 3522 (3d ed. 2008). In this case, the Plaintiff is a state prisoner and is currently incarcerated in an Illinois state prison facility as a result of a criminal conviction in Illinois state court. Under 28 U.S.C.1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor." Plaintiff has done so in the instant case and has been granted leave to proceed *in forma pauperis* (Doc. 6).

But the Court's inquiry does not end there. 28 U.S.C. § 1915(e) (2) requires careful threshold scrutiny of the complaint filed by a plaintiff seeking pauper status. The statute requires the Court to dismiss the complaint at any time if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. *Id*.

#### 1. Count I

It is well settled that prisoners have a fundamental right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). Violations of that right may be raised in federal court, e.g., in a civil rights action pursuant to 42 U.S.C. § 1983. An allegation of actual or threatened harm or loss is an essential element of a § 1983 action for denial of access to the courts, *Martin v. Davies*, 917 F.2d 336, 340 (7th Cir.1990); *Howland v. Kilquist*, 833 F.2d 639,

642–43 (7th Cir.1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021–22 (7th Cir. 1987). Such an allegation must be more than merely conclusory. The complaint must "'allow the court to determine at the outset of the litigation, before costly discovery is undertaken, whether the plaintiff has any tenable theory or basis of suit,' and . . . place the defendants on notice of the plaintiff's claim so that they can begin to prepare their defense." *Pratt v. Tarr*, 464 F.3d 730, 733 (7th Cir. 2006) (quotation omitted).

Here, Plaintiff asserts that the defendants' actions denied him access to the court, specifically the Central District of Illinois in *West v. Ameji*, 10-2070, before Judge McClusky. With this claim, plaintiff asserts that his Central District of Illinois action was dismissed due to the lack of access to his legal documents, thereby causing him harm. This is sufficient to state a claim for denial of access to the Courts.

Section 1983, however, does not create an unlimited cause of action--the individual Defendant named must be alleged to have caused or participated in the deprivation. *See*, *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Without some allegation of a specific role that a Defendant played or actions which a Defendant took against the Plaintiff, that defendant must be dismissed at threshold review. Therefore, upon careful review of the complaint and all supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A and dismiss Plaintiff's claims in Count I against several defendants because there is no allegation that they took any action which harmed Plaintiff, or had any specific knowledge of the Plaintiff's claims. Therefore Defendants Michael Randle, and Gladyse C. Taylor are **DISMISSED** from Count 1.

The Clerk of Court shall prepare for Defendants E. Hagene, Counselor Lutz, Randy

Davis, K. Deen, Sarah Johnson and Terry Anderson: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Order to Defendants' place of employment as identified by Plaintiff. If Defendants fail to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within thirty (30) days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendants, and the Court will require Defendants to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

It is **FURTHER ORDERED** that, if a Defendant can no longer be found at the work addresses provided by Plaintiff, the employer shall furnish the Clerk of Court with the Defendant's current work addresses, or, if not known, the Defendant's last-known addresses. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the Court's files or disclosed by the Clerk.

It is **FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper that has not been filed with the Clerk of Court or that fails to include a certificate of service will be disregarded by the Court.

It is **FURTHER ORDERED** that Defendants shall timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed in forma pauperis has been granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings. Further, this entire matter is **REFERRED** to United States Magistrate Judge Philip M. Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and any opposing party informed of any change in his address; the Court will not independently investigate Plaintiff's whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of Court documents and may result in dismissal of this action for want of prosecution.  See Fed. R. Civ. P. 41(b).

## 2. Count 2

In Count 2 Plaintiff claims that he requested, but was denied, medical attention for back pain from a pinched nerve. The Eighth Amendment prohibits the government from inflicting "cruel and unusual punishments." U.S. Const. amend. VIII. The denial of medical care may cause "pain and suffering which no one suggests would serve any penological purpose." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Therefore, "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.' " *Id*. at 104 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). In this case, Plaintiff has alleged that he suffered pain and had a serious medical need which was denied by the defendants. This is sufficient to withstand a threshold review.

However, Plaintiff must still allege some specific action or knowledge of a defendant with respect to his Eighth Amendment claim to survive threshold review as to that defendant. "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996).

Upon review of the record, the Court **FINDS** that Plaintiff has simply named but has not sufficiently alleged a claim under the Eighth Amendment for denial of medical care against several Defendants because there is no allegation or claim of any specific action taken by these Defendants which caused plaintiff harm. Accordingly, the Court **DISMISSES** the following named Defendants: Warden Davis, Lieutenant Robinson, Sgt. McElyea, Lt. Williams, Officer Hill, Officer Huite, Officer Johnson, Officer Coleman, Officer Crabtree, Officer Risley, Officer Phillips, J. True, Nurse Hill, Billy Pickering, Jane Doe (2), Nurse Flowers, Dr. Jill

Wahl, Dennis Larson, Michael Randle, Gladyse C. Taylor, Louis Stricker, Donna Heinemann, Earl Wilson, K. Deen, Sarah Johnson, Terry Anderson, Dr. Garcia, and Doctor Lehman.

In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George*, 507 F.3d at 607, citing 28 U.S.C. § 1915(b), (g).

Consistent with the *George* decision and Fed. R. Civ. P. 21, the Court **HEREBY SEVERS** Count 2 of Plaintiff's complaint and **DIRECTS** the Clerk to open a new case with a newly-assigned case number for that case. The Court further **DIRECTS** the Clerk to add to the docket in the newly-opened case a copy of Plaintiff's complaint, the *in forma pauperis* application from this case and a copy of this Memorandum and Order.

If for any reason, Plaintiff does not wish to proceed either with this case or with the newly-opened case, **HE MUST SO NOTIFY THE COURT ON OR BEFORE OCTOBER 12, 2012**. Unless Plaintiff notifies the Court that he does not wish to pursue one of these actions, he will be responsible for a separate filing fee in the new case.

## II.   CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's denial of medical care claim (COUNT 2), which is unrelated to his denial of access to the Courts claim, is **SEVERED** and shall become a new and separate case. That new case shall be limited to claims against Defendants C/O Goldberg, Nurse Melvin, and Nurse Castle and to the John and Jane Doe defendants once identified by name. Defendants Randy Davis, Lieutenant Robinson, Sgt.

McElyea, Lt. Williams, Officer Hill, Officer Huite, Officer Johnson, Officer Coleman, Officer Crabtree, Officer Risley, Officer Phillips, J. True, Nurse Hill, Billy Pickering, Jane Doe (2), Nurse Flowers, Dr. Jill Wahl, Dennis Larson, Michael Randle, Gladyse C. Taylor, Louis Stricker, Donna Heinemann, Earl Wilson, K. Deen, Sarah Johnson, Terry Anderson, Dr. Garcia, and Doctor Lehman are **DISMISSED** from this action with prejudice.

The new case **SHALL BE ASSIGNED** to the undersigned District Judge for further proceedings. With respect to the new case, the Clerk is **DIRECTED** to file the following documents:

(1) This Memorandum and Order

(2) The Original Complaint (Doc. 1)

Plaintiff is **ADVISED** that if, for any reason, he does not wish to proceed with the newly-opened case, he must notify the Court in writing on or before October 12, 2012. Unless Plaintiff notifies the Court that he does not wish to pursue the newly opened action, he will be responsible for an additional filing fee in the new case.   Service shall not be ordered on Defendants C/O Goldberg, Nurse Melvin, and Nurse Castle and to the John and Jane Doe defendants once identified by name, until after the deadline for Plaintiff's response. The newly opened action shall be captioned Keith West, Plaintiff v. C/O Goldenberg, Nurse Melvin and Nurse Castle, Defendants.

**IT IS FURTHER ORDERED** that the only claims remaining in this action, West v. Hagene, 12-CV-179-JPG, is the claim identified as Count 1 for denial of meaningful access to the Courts.   This case shall now be captioned as: Keith West, Plaintiff, v. Defendants E. Hagene, Counselor Lutz, Randy Davis, K. Deen, Sarah Johnson and Terry Anderson,

11

Defendants.

**IT IS FURTHER ORDERED** that Defendants Michael Randle, and Gladyse C. Taylor are **DISMISSED** from this action with prejudice.

Plaintiff's motion for appointment of counsel (Doc. 11) is **DENIED** at this time, without prejudice. There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Federal District Courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist pro se litigants. *Id*. When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). With regard to the first step of the inquiry, Plaintiff has made a good effort to obtain counsel on his own but, with respect to the second element, plaintiff appears, at this stage of the proceeding to be able to represent himself in this matter. Nonetheless, Plaintiff may choose to re-file this motion at a later stage in the litigation.

**IT IS SO ORDERED.**

**DATE:  September 06, 2012**

                                                   **s//*J. PHIL GILBERT***
                                                   **J. PHIL GILBERT**
                                                   **United States District Judge**