IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEITH A. WEST,

      Plaintiff,

vs.

E. HAGENE, *et. al.*,

      Defendants.

Case No. 12-cv-179-JPG

**MEMORANDUM AND ORDER**

    This matter comes before the Court on the defendants Terry Anderson, Randy Davis, K. Deen, E. Hagene, Sarah Johnson, and Counseior Lutz's (collectively "Defendants") motion for summary judgment (Doc. 39) to which plaintiff Keith A. West has responded.  For the following reasons, the Court grants Defendants' motion.

    **1.  Facts and Procedural History**

    West, currently incarcerated in the Illinois Department of Corrections ("IDOC") at Lawrence Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights occurring while he was incarcerated at Pinckneyville Correctional Center ("Pinckneyville").  After performing a preliminary review of West's complaint pursuant to 28 U.S.C. § 1915A, the Court divided West's complaint into two counts as follows: (1) denial of access to the courts, and (2) denial of adequate medical care.  Because the counts were unrelated, the Court severed Count Two involving West's denial of medical care. After preliminary review, the instant case involves West's denial of access to the courts claim against Defendants.  Thus, the Court will review the facts as they relate to the remaining claim.

    While incarcerated in Danville Correctional Facility, certain events that occurred between January and March 10, 2008, led West to believe staff had been deliberately indifferent to his

medical needs.  He sought to file a complaint in the Central District of Illinois for this claim causing him to need access to his legal files.  West filed a notice of intent to sue dated March 6, 2010, in the District Court for the Central District Court, a case before the Honorable Michael P. McCuskey, Case Number 10-cv-2070-MPM-DGB.  It was not until May 17, 2010, that West filed his complaint.  Judge McCuskey found that

> [West]'s claim[s] for the period of January through March 10, 2008 are barred by Illinois' two-year statute of limitations.  *See* 735 ILCS 5/13-202; *see Lucien v. Jackisch*, 133 F.3d 464, 466 (7th Cir. 1998).  The plaintiff's Notice of Intent to file a lawsuit does not toll the statute of limitations.  His complaint was not filed until May 17, 2010, far past the two-year limit.  Pursuant to 735 ILCS 5/13-202, his lawsuit is dismissed in its entirety.

Doc. 1-1, p. 5.

During the time he was trying to file the complaint, West was transferred from Western Illinois Correctional Center to Pinckneyville on March 3, 2010, and was in segregation in Pinckneyville from March 3, 2010, until April 17, 2010.  While he complains that he was denied access to his legal materials at Western Illinois Correctional Center, the allegations in his complaint relate to Defendants' alleged actions at Pinckneyville.  While in segregation at Pinckneyville, West alleges Defendants refused him access to his legal papers after he informed Defendants he needed these papers to pursue his case and meet the statute of limitations deadline.  It was not until May 7, 2010, three weeks after his release from segregation, that West gained access to his legal materials. West alleges in his complaint that Defendants' actions denying him access to his legal materials resulted in the dismissal of his case in the Central District of Illinois.

The parties agree that West arrived at Pinckneyville on March 3, 2010.  He filed a grievance on March 8, 2010, in which he referenced a conversation with Lutz about his need to gain access to his legal files for the purpose of "filing the complaint in its final finished form"

and to "meet[] mandatory statutory limitations guidelines." Doc. 40-1, p. 1. He references several other oral and written requests both before and after March 10, 2010, in which he seeks access to his legal files.

On November 27, 2012, Defendants deposed West. During the course of that deposition, West confirmed that if any of the defendants had given him access to his legal materials on March 3, 2010, it would have still have taken him approximately one month to draft his complaint. Specifically, the following exchange took place

> Defense counsel: Okay. But if it took you a month [to draft your complaint] when you got out of seg[regation], I assume it would have taken you a month if you were in seg[regation to draft your complaint].
>
> West: Yes, ma'am.
>
> Defense counsel: It would have taken you a month?
>
> West: It still would have taken me that long.

Doc. 40-2, p. 12.

Defendants filed their motion for summary judgment arguing they are entitled to judgment as a matter of law because (1) "no evidence shows that any defendant was personally involved in preventing [West] from writing his request for access to library materials," (2) "no evidence shows that any defendants knew that [West]'s claim would be time-barred on March 10, 2010," (3) "even if [West] had gone to the law library on the day he arrived at Pinckneyville, by his own admission it took him one month to prepare his complaint once he gained access to the court," (4) "[West] himself did not know that his complaint was time-barred on March 10, 2010, until Judge McCuskey told him in June 2010," (5) "Defendants did not receive and review [West]'s grievance until after March 10, 2010," (6) [West] suffered no harm as a result of being

3

unable to file his deliberate indifference claim," and (7) "Defendants are entitled to qualified immunity."  Doc. 39, pp. 1-2.

### 2. Analysis

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).  The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.  Where the moving party fails to meet its strict burden of proof, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion.  *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists.  Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).  A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.  The Court will now consider whether Defendants are entitled to judgment as a matter of law on West's access-to-courts claim.

Prisoners enjoy a constitutional right to "adequate, effective, and meaningful" access to the courts for the purposes of attacking their sentences and challenging the conditions of their confinement. *Bounds v. Smith*, 430 U.S. 817, 822 (1977); *see also Lewis v. Casey*, 518 U.S. 343, 350, 355 (1996); *Johnson v. Avery*, 393 U.S. 483, 485-86 (1969). "Prison officials have an affirmative duty to provide inmates with reasonable access to courts." *Martin v. Davies*, 917 F.2d 336, 338 (7th Cir. 1990).

To establish an access-to-court claim, a prisoner must (1) "prove that prison officials failed to assist in the preparation and filing of meaningful legal papers; and (2) "show some quantum of detriment caused by the challenged conduct of state officials." *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004) (quoting *Brooks v. Buscher*, 62 F.3d 176, 179 (7th Cir. 1995)). Accordingly, "a prisoner must demonstrate that he suffered an actual injury, that is, that actions by the defendants hindered his ability to pursue a non-frivolous legal claim." *Blanck v. Vannatta*, 115 F. App'x 884 (7th Cir. 2004) (citing *Lewis*, 518 U.S. at 351).

Here, West's alleged injury was the dismissal of his case because he filed it beyond the applicable statute of limitations deadline of March 10, 2010. Accordingly, West must show that some action or inaction of Defendants prevented him from filing his complaint prior to March 10, 2010. West, however, fails to present any evidence that he would have filed his case prior to March 10, 2010, if Defendants had given him access to his legal files. By his own admission, even if Defendants had given him access to his legal files on March 3, 2010, his first day at Pinckneyville, he still would not have filed his complaint until approximately one month later. Accordingly, Defendants' actions or inactions did not cause the dismissal of his case. As such, Defendants are entitled to judgment as a matter of law.

### 3. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motion for summary judgment (Doc. 39) and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** June 18, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
